WILLIAM GIBBS *vs.* EDWARD S. ESTEY & another.

A house built upon and annexed to land cannot be shown to be personal property, as against a subsequent grantee of the land, by evidence of an oral agreement of the owner of the land after the building had been begun; nor by declarations of a mesne owner of the land that he neither owned nor claimed the house.

ACTION OF TORT for breaking and entering the plaintiff's close and digging up and carrying away a house. Answer, that the house was the personal property of the defendant Estey.

At the trial in the superior court before *Rockwell,* J. there was evidence that the close was in 1850 owned by Ira Haskell; that he, while in possession of the land, assented to the erection of a house thereon by Warren Gibbs, and agreed that Gibbs should hold the house as personal property ; and that this assent was given and agreement made after the cellar had deen dug, the cellar wall and underpinning stone laid, the frame of the house erected, and while the work of building was still going on. The judge ruled that such assent and agreement, to be effective, must have been before or at the time when the frame of the house was erected.

The judge rejected evidence, offered by the defendants, of the declarations of Solomon Gibbs, Haskell's grantee and the plaintiff's grantor, while in possession of the land, that he neither owned nor claimed the house.

There was evidence that Estey bought the house of Warren Gibbs as personal property, and afterwards bought the equity of redemption of the land at a sale on execution against Solomon Gibbs; that he subsequently released to Solomon the rights acquired by this purchase, and remarked to him, at the time of delivering the release, that he should abandon his claim to the house, as he had been advised by counsel that he could not hold it. The judge instructed the jury that if, at the time of delivering such release, Estey verbally relinquished his claim to the house, neither he, nor any one claiming under him, could

afterwards legally assert any title to it, by virtue of any previous title to it as personal property.

The jury returned a verdict for the plaintiff, and the defendants alleged exceptions.

*G. T. Davis*, for the defendants. The agreement that the building should be personal property would be effective if made at any time while the work was in progress. The declarations of Solomon Gibbs should have been admitted. 1 Greenl. Ev §§ 109, 189, 190, 191. *Norton* v. *Pettybone*, 7 Conn. 319. *Hyde* v. *Middlesex*, 2 Gray, 269. *Niles* v. *Patch*, 13 Gray, 256. If Estey owned the house, his oral declarations to Solomon Gibbs could not divest him of his title.

*S. T. Spaulding*, for the plaintiff.

DEWEY J. The plaintiff has acquired an undisputed title to the real estate described in his writ by sundry conveyances passing the title of Ira Haskell as he held the same at the date of his deed to Solomon Gibbs. It is conceded that this title of Haskell was originally a valid one, and sufficient to pass the estate in the land, but it is contended that the house standing thereon, and which is the subject of the present controversy, was the personal property of Warren Gibbs, under whom the defendants claim title. The question in the case is therefore whether this house was real estate and passed by the various conveyances as such, or was personal estate capable of being held and sold irrespectively of its connection with the land. If it was a part of the realty, it has duly passed to the plaintiff. The general rule is that a building like a house, erected on the land, will of course become a part of the realty, and as incident thereto will pass with the land. An exception to the rule has been held to exist in cases where the owner of the land has given permission to another person to erect a building upon such land, to be held and enjoyed as his own as personal property. Such separation of the personal from the real estate to which it is attached is to be established by evidence of assent to the erection of the same, before the structure is erected and has become attached to the realty, and thus had its character fixed. That essential element was wanting in the present case

Gibbs *v.* Estey & another.

It is shown in this case that the time of giving such assent was after the digging of the cellar, the laying of the cellar wall and underpinning stone, and the erection of the frame of the house thereon, and while the process of further completing the building was going on. The instruction of the court, that such assent, to be effective, must have been given before or at the time when the frame of the house was erected, was correct. After that period of time, the building, though it might be an unfinished building, was a building attached to the real estate, and would pass as such. The intention of the parties, if it existed, to change this to personal property, was one which the law could not carry into effect. *Richardson* v. *Copeland,* 6 Gray, 538. Such being the case, the house would in law pass by the various conveyances of the real estate upon a part of which it stood.

The declarations of Solomon Gibbs, one of the intermediate owners, while he owned the real estate, that the house was not owned or claimed by him, would not defeat the title legally in him, and which he has passed to the plaintiff.

It is unnecessary to consider the further question of the effect to be given to the evidence of the declarations of the defendant Estey, wholly relinquishing his claim to the house at the time of making his quitclaim deed of the land to Solomon Gibbs, the grantor of the plaintiff. In the view the court take of the case, the first ground is decisive in favor of the plaintiff, without any aid from these declarations.

*Judgment for the plaintiff.*